**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERALD C. ARENDT; DAVID D. BROWN,

Plaintiffs-Appellants,

v.

WASHINGTON-IDAHO-MONTANA CARPENTERS-EMPLOYERS RETIREMENT TRUST FUND; ZENITH ADMINISTRATORS, INC.,

Defendants-Appellees,

UNITED STATES OF AMERICA,

Intervenor-Defendant-Appellee.

No. 14-35457

D.C. No. 2:11-cv-05135-LRS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted October 6, 2016
Seattle, Washington

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

Gerald Arendt and David Brown appeal the district court's dismissal of their suit alleging violations of the Takings Clause and the Fifth Amendment's guarantee of equal protection.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The defendants' decision to cut the Rule of 80 early retirement benefit did not involve government action, so the district court properly dismissed the plaintiffs' constitutional claims.  *See Blum v. Yaretsky*, 457 U.S. 991, 1002-03 (1982).  A private entity does not become a government actor simply because it is subject to extensive regulation.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Although the Pension Protection Act of 2006 ("PPA") required the defendants to implement a rehabilitation plan, nothing in the PPA compelled them to cut the Rule of 80 benefit; they retained discretion to decide how to implement the plan – subject to collective bargaining.  *See id.*; *Blum*, 457 U.S. at 1006-07; 29 U.S.C. § 1085(e)(3).  Accordingly, no government action was present in "the specific conduct of which the plaintiff complains."  *Blum*, 457 U.S. at 1004; *cf. George v. Edholm*, 752 F.3d 1206, 1215-17 (9th Cir. 2014).

Because there was no government action, we do not reach the merits of the plaintiffs' constitutional claims.

**AFFIRMED.**

2